UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN SIMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CIRCUIT CITY STORES, INC., ) <br> ) <br> Defendant/ Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXTRA HELP, INC., ) <br> ) <br> Third-Party Defendant. ) | Cause No.: 03-CV-4235 -JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Vacate (Doc. 80) filed by third-party defendant Extra Help, Inc. ("Extra Help"), which the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). The motion seeks to vacate the portion of the Court's Rule 54(b) Judgment entered January 27, 2005, that dismisses counts 1 and 2 of Circuit City Stores Inc.'s ("Circuit City") third-party complaint with prejudice. Apparently, Extra Help and Circuit City have entered into a settlement agreement and release that pertains to those claims.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). The specific reason set forth in Rule 60(b)(5) is if "the judgment has been

satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Clearly, the first clause of Rule 60(b)(5) is the only clause applicable in this case.

The Court is puzzled as to why Extra Help is seeking to vacate a judgment that already dismisses claims against it with prejudice. It is clear that Extra Help does not seek to have the claims against it reinstated; it states that Circuit City has settled and released those claims. Ordinarily when a party seeks relief from a judgment on the grounds that the judgment has been satisfied or released, the party seeks to replace the judgment with a judgment dismissing the claims with prejudice or an acknowledgment that no further judgment debt or obligation is owed. A judgment to that effect already exists in this case, so there is no need to replace it with another document that would say the same thing. Extra Help offers no other reason for wanting relief from judgment.

In sum, Extra Help's argument does not set forth any extraordinary circumstance warranting relief from the existing judgment under Rule 60(b)(5) or any other provision of that rule. For this reason, the Court **DENIES** the Motion to Vacate (Doc. 80).

                                                                                 s/ J. Phil Gilbert
                                                                           **United State District Judge**

**DATED:  June 8, 2005**